# SUPPLEMENT

## WILLIAM T. LAWRENCE vs. NATHANIEL SHIPMAN AND ANOTHER.

## PETER LUX vs. THE SAME.

The defendants, owners of a building occupied by the plaintiffs as their tenants, employed a mason to remove the earth from under a wall of the building and underlay it with stone. The mason undertook the work, but did it so negligently that the building fell and the plaintiffs were damaged. The work was done under a contract, for a fixed price, and with no control over the means employed on the part of the defendants. The general principles applicable to such a case reviewed, and the defendants held not liable.

The following opinion was given by Hon. O. S. SEYMOUR, Judge of the Supreme Court, in two cases in the Superior Court in Hartford County, submitted to him as an arbitrator, under a rule of court, by William T. Lawrence, plaintiff in the one, and Peter Lux, plaintiff in the other, and Nathaniel Shipman and George M. Bartholomew, defendants in both cases, the defendants being trustees. The questions of law considered and decided make the opinion one of interest to the profession and the public. The facts are sufficiently stated by the judge.

*H. S. Barbour* and *Merrill*, for the plaintiffs.

*Robinson* for the defendants.

### JUDGE SEYMOUR'S OPINION.

These two cases have been submitted to me as arbitrator under a rule of court. The two are substantially alike. The plaintiffs were respectively tenants of the defendants, occu-

586

pying a brick building called the Russ Place, which the defendants owned as trustees in fee, situate on the west side of Main street, in the city of Hartford. The plaintiffs aver that while they were thus occupying the tenement on the 13th day of July, 1869, and for several days next previous thereto, the defendants carelessly and negligently excavated and removed, and caused to be excavated and removed, the earth and foundation from under the south wall of said tenement and did thereby remove the necessary support of said wall, and on said day had negligently and carelessly made and caused to be made the excavation and removal aforesaid, without providing other necessary support of said wall, and had negligently omitted to shore up said wall as aforesaid, although warned by the plaintiffs of the danger, whereby the wall sank and fell and the whole building was demolished, and the plaintiffs' goods of great value were destroyed.

There is no serious conflict of testimony. Indeed most of the facts are agreed to. The relation of the parties to each other is as stated in the writ. One Duffy owned the premises south of and adjoining those of the defendants, and he had pulled down a tenement on his lot in order to rebuild. Neither building had a cellar. Duffy had made considerable progress in digging a cellar on his lot, when he had a communication with the defendants proposing that they should join him in building a party wall of stone under the south wall of the defendants' tenement. Duffy's proposition was favorably entertained, and resulted in a verbal contract with a builder and mason by trade, to remove the earth from under the south wall of the defendants' tenement and underpin it with stone. He was to furnish everything needed for the job. The stone structure was to be laid eight feet below the sidewalk and was to extend the depth of the defendants' building, and was to be two and a half feet in thickness, nine inches being on Duffy's land and one foot nine inches on the defendants' land. The price agreed on was $500, one half to be paid by Mr. Duffy and one half by the defendants. The defendants and Duffy were the contracting parties on one

side and the mason on the other. The defendants did not have, nor were they by the terms of the contract to have, any oversight or direction of the job. They relied on the skill and experience of the mason to do the work properly, carefully and according to his contract.

The contractor commenced his work about the 12th of July, undermining at first about nine feet of the defendants' wall and immediately began filling up the gap with stone. On the 13th he continued his stone work, but unfortunately and unadvisedly he undermined the wall at another place before the first gap was filled and thus weakened the foundation, so that at about half-past three o'clock in the afternoon of the 13th of July, the whole building tumbled into a mass of shapeless ruins. The occupants barely escaped with their lives, saving none of their property.

The principal question of law raised in the case arises out of the foregoing facts. Some other facts, however, appeared in evidence which will be hereafter noticed, as bearing upon the question of the defendants' liability. The first question suggested is, whether this negligence of the mason can in law be imputed to the defendants. If he was their servant his carelessness is in law theirs. If, on the other hand, he was merely a contractor, acting as such in an independent business, they are not under the general rule of law liable, though they may even then under certain circumstances be held responsible. Whatever obscurity may heretofore have rested upon the distinction between servant and contractor, it is now established law that such a distinction exists, and the elements which distinguish the one from the other by the modern decisions have been determined with considerable approach to exactness and accuracy, though it must be admitted that in some instances the distinction is nice and difficult. In this case it is to be noticed :

1. That the mason was employed in a single transaction at a specified price for the job.

2. By the terms of the contract he was to accomplish a certain specified result, the choice of means and methods and details being left wholly to him.

Lawrence *v.* Shipman.

3. The employment was of a mechanic in his regular business, recognized as a distinct trade, requiring skill and experience, and to which apprenticeships are served.

4. The contractor's duty was to conform himself to the terms of the contract, and he was not subject to the immediate direction and control of his employers.

These circumstances by all the authorities indicate a contractor in contradistinction from a mere servant, and the defendants cannot in my judgment be subjected for the negligence of the contractor, upon the basis of the relation of master and servant. But it was suggested in the argument that as the contractor was at work on the defendants' property, by their procurement and for their benefit, and being selected by them, natural justice requires that they should bear the consequences of his negligence rather than the plaintiffs, who are innocent sufferers, having had no agency whatever in the transaction which caused the loss.

These suggestions are not without a show of reason, and their force is fully admitted in the law as applicable to a certain class of cases.

1. If a contractor faithfully performs his contract, and a third person is injured by the contractor, in the course of its due performance, or by its result, the employer is liable, for he causes the precise act to be done which occasions the injury ; but for negligences of the contractor, not done *under* the contract but in *violation* of it, the employer is in general not liable. It is not claimed here that the injury to the plaintiffs arose from the due *performance* of the contract. On the contrary, it resulted from the *breach* of the contract, by the contractor not doing his work with suitable care.

2. If I employ a contractor to do a job of work for me which in the progress of its execution obviously exposes others to unusual peril, I ought, I think, to be responsible upon the same principle as in the last case, for I cause acts to be done which naturally expose others to injury. The case now before me could not, however, I think, come under this head. The peril, whatever it was, was mainly to the

defendants' own tenement, and cannot be treated, notwithstanding the unfortunate event, as one at all imminent to the plaintiffs.

3. If I employ as a contractor a person incompetent and untrustworthy, I may be liable for injuries done to third persons by his carelessness in the execution of his contract. This, too, has no application to the case before me. But the plaintiffs' claim that the same principle is applicable to the employment of a person pecuniarily irresponsible, and evidence was received, subject to objection, that the contractor was destitute of property ; and I am called upon to decide the effect of this fact. I am not prepared to say that this fact may not be of some weight where the work to be done is hazardous to others. If a person having an interest in a job which naturally exposes others to peril, should attempt to shield himself from responsibility by contracting with a bankrupt mechanic, I think the employers might be subjected for damages done by the contractor, but, as before stated, the work to be done by the contractor involved no peril in its usual performance, and I cannot hold the defendants liable under this claim.

4. The employers may be guilty of personal neglect, connecting itself with the negligence of the contractor in such manner as to render both liable. I find no precedents to guide me under this head, but the principles of the law lead inevitably to this conclusion.

[Here follows an examination of the evidence on this point, which is omitted by the reporter ; the conclusion of the judge being that the defendants had not been guilty of any personal negligence.]

I therefore award that the defendants are not guilty in manner and form as alleged.

There are other cases than those mentioned in which the employer is liable for the negligence of his contractor, but they have no special application to the matter before me. I will barely allude to them. It has always been understood that if the negligence creates a nuisance the employer is liable, though in a late English case this seems to be some-

what doubted. *Overton* v. *Freeman,* 11 C. B., 867. So if the contract is to do an unlawful thing, the employer as well as the contractor is liable for the damage done in the execution of the contract. There was formerly a doubt whether the owner of real property could be protected from liability caused by work upon it by a contractor, but it is now settled that real and personal property stand upon the same footing in this respect.

These cases are submitted to me as an arbitrator, with full power, as I understand, upon questions of law and fact. The plaintiffs are innocent sufferers to a large amount by the fall of this building. The suits have been very fairly conducted with a view to a full investigation of the facts and the law applicable to the facts. There are circumstances connected with the case which I think justify me in making the matter so far a mere matter of arbitration as to award that no costs be taxed against the plaintiffs, and that the arbitrator's fees be paid half by the plaintiffs and half by the defendants.

O. S. SEYMOUR,

Litchfield, May 25, 1873.