## B. CRISLER *v.* D. N. OTT.

1. EMPLOYERS' LIABILITY. *Co-trespasser. Damages.*

    While an employer may not be liable for the negligence of an independent contractor, if a proper person, where the act contracted to be done is itself a wrong, the employer is liable, not upon the principle of *respondeat superior*, but as a co-trespasser.

2. CO-TRESPASSER. *Independent contractor. Cutting trees. Negligence.*

    One negligently failing to acquaint himself with the real boundary line of his own land, who employs another, though an independent contractor, to cut trees, near the line, on land which he points out as his own, but which trees turn out to be beyond the line and on the land of a third person, is a negligent co-trespasser, and liable for the statutory penalty for cutting such trees.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

The opinion contains such statement of the case as is deemed necessary.

*Miller & Baskin,* for appellant.

1. If any timber was cut on appellee's land, it was the result of inadvertence or mistake. Halbert acted in good faith, and used reasonable care to avoid cutting on the wrong land.

2. If mistaken in this, we submit that, if any trespass was committed, it was by Halbert, an independent contractor. He was not the servant of defendant, and is alone liable. Defendant could not control his actions, and this is the test of liability. The defendant was not even advised of the alleged trespass until

after the trees were cut and the timber delivered. The court should have given a peremptory instruction. *Burke* v. *Shaw*, 59 Miss., 443; *Railroad Co.* v. *Reese*, 61 *Ib.*, 581; note to *Stone* v. *Railroad Co.*, 51 Am. Dec., 200; 2 Thompson on Neg., p. 892, § 12; Woods on Master and Servant, 628.

*Walker & Hull*, for appellee.

Was this a wilful trespass, or were the trees cut through inadvertence or mistake, after the exercise of reasonable care? On this point, see *Keirn* v. *Warfield*, 60 Miss., 799.

It was Crisler's duty to properly acquaint himself with the lines, but he failed to do this, and made no reasonable effort to prevent getting on the land of others. If it be conceded that the trees were cut through mistake, certain it is the error was discovered before they were removed.

Defendant cannot escape on the ground that Halbert, as a contractor, is alone responsible. He assumed to designate the boundaries, and put Halbert in possession. Having failed to use due care in locating the lines, and thereby caused the tres-pass, he is liable for the penalty prescribed by § 4412, code 1892.

The verdict is conclusive of the questions of fact, and will not be disturbed. There was no error of law. 46 Miss., 563; 63 *Ib.*, 74.

COOPER, C. J., delivered the opinion of the court.

This is an action brought by Ott against Crisler to recover damages for injury to land by cutting trees growing thereon. The declaration contains two counts: The first is for the statutory penalty for the wilful or negligent cutting; the second for the value of the trees cut and taken away. A general verdict was rendered for the plaintiff, but from its amount it is evident that it rests upon the first count in the declaration.

It does not appear that it was contended on the trial that some trespass was not committed on the plaintiff's land. The defenses principally relied on were that the trespass was non-

negligent, and that it was not committed by the defendant or his servants, but by one Halbert, an independent contractor, who engaged with the defendant to cut and deliver a quantity of spoke staves at an agreed price per thousand. Subordinate to these defenses, the defendant contended that some part of the timber for the cutting of which the suit was brought, was cut upon lands adjoining the plaintiff's, on which land the defendant had bought the growing timber.

The testimony is conflicting, but the verdict of the jury must be accepted as determining, in favor of the plaintiff, all questions of merely conflicting evidence. It is not denied by the defendant that, after the trees had been converted into staves, but before they were removed, it was known to Halbert that a large part of them had been cut on the plaintiff's land, but he, nevertheless, and against the protest of the plaintiff, took away the staves, and delivered them to the defendant.

The assignment of errors is broad enough to bring in review the action of the court in giving the instructions for the plaintiff, and in refusing certain instructions and modifying others asked by the defendant. In their brief, however, counsel for appellant do not comment upon the action of the court on the instructions, but devote themselves solely to the proposition that the supposed trespass was committed, if at all, by Halbert, who was an independent contractor and not the servant of appellant, and for his acts appellant was not bound. If the law were as counsel contend it is, that the employer is not responsible for the acts of an independent contractor, the judgment of the lower court could not be affirmed, for the court was asked by the defendant to give the following instruction, which it refused, viz.: "If the jury believe from the evidence that defendant, before any trees had been cut on the land claimed by the plaintiff, made a contract with Halbert whereby Halbert agreed to pay Crisler for the timber rights purchased by him from Brown, and to furnish the material and to pay all the expenses and deliver to Crisler spokes for $6.50 per thousand,

delivered at or near Lockhart, on the line of the railroad, then the defendant is not liable on the first count in the declaration.'' It is not, however, the law that one is not, under any circumstances, liable for the act of an independent contractor. If the contractor is a proper person, it may be that the employer is not responsible for his negligence, and this is probably the law under the facts of this case. But where the act contracted to be done is itself a wrong, the employer is liable to the injured party as though he himself had done the injury. This liability does not, as when the wrongful act is done by his servant, rest upon the principle of *respondeat superior*, but upon the fact that the employer is liable as a co-trespasser with the independent contractor.

In *Lawrence* v. *Shipman*, 39 Conn., 586, Seymour, J., laid down the following rules as applicable: "1. If a contractor faithfully performs his contract, and a third person is injured by the contractor in the course of its due performance, or by its result, the employer is liable, for he causes the precise act to be done which occasions the injury; but, for the negligence of the contractor not done under the contract, but in violation of it, the employer is, in general, not liable. 2. If I employ a contractor to do a job of work for me which, in the progress of its execution, obviously exposes others to unusual perils, I ought, I think, to be responsible, on the same principle as in the last case, for I cause acts to be done which naturally expose others to injury. 3. If I employ as contractor a person incompetent or untrustworthy, I may be liable for injuries done to third persons by his carelessness in the execution of his contract. 4. The employer may be guilty of personal neglect, connecting itself with the negligence of the contractor in such manner as to render both liable. Cooley on Torts, 548; *Tibbetts* v. *Railroad Co.*, 62 Me., 437; *Gorham* v. *Gross*, 125 Mass., 232; *Water Co.* v. *Ware*, 16 Wall., 566."

The testimony of the defendant and of Halbert, the contractor, is to this effect: The defendant had purchased of Brown the

timber standing upon land adjacent to the plaintiff's. He had been shown, as, he says, the line between this land and the plaintiff's, and blazed out the line. After he had cut some of the timber standing confessedly on the land on which he had secured a right to cut, he made a contract with Halbert by which Halbert was to repay to him the amount he had paid to Brown, $50, and was to get out and deliver to the defendant the spoke timber growing on the land, and Crisler pointed out to Halbert the line he had blazed, as the line north of which Halbert was to cut timber. It thus appears, from the testimony of Halbert and the defendant, that the defendant contracted with Halbert to cut the timber which was in truth on the land of the plaintiff. It was not a contract for staves to be cut on any land but on the particular land pointed out. True, that as a part of the contract Halbert was to repay to the defendant the amount he had paid to Brown, but this did not make Halbert the owner of the timber, to cut and dispose of as he might choose. It was a part of the contract that this precise timber should be converted into staves and delivered to the defendant, at Lockhart, at a stipulated price per thousand. If the defendant, knowing the true line, had contracted with Halbert to cut the timber on the plaintiff's land, he would have been liable as a wilful trespasser, though the act of cutting should be done by Halbert. If he negligently failed to acquaint himself with the true line, and contracted with Halbert to cut the timber on the plaintiff's land, he is liable as a negligent co-trespasser with Halbert. That the defendant was guilty of negligence is established by the verdict, and his liability for the statutory penalty thus fixed.

The instructions suggest that counsel for the plaintiff, in the court below, sought to fix liability upon the defendant for the statutory penalty, upon the ground that Halbert was the servant of the defendant rather than an independent contractor, and that he was put forward by the defendant as in name a contractor to shield himself against liability for the trespass, and also because

the defendant, after the timber had been cut, and knowing then that the land was the plaintiff's, received the staves. The instructions are not well expressed, but none given for the plaintiff puts his right of recovery on either of these grounds, and no one is actually erroneous; those refused for the defendant were properly refused, either because incorrect or because covered by others already given.

*The judgment is affirmed.*