EDWARD BELLIVEAU *v.* COLOMBA GRECI ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 118127

Memorandum filed January 11, 1960

*Nathaniel Bergman,* of Hartford, for the plaintiff.

*Schofield, Fay & Courtney,* of Hartford, for defendant J. Kowalski.

*Alvin C. Leone,* of East Hartford, for defendants C. and N. Greci.

PHILLIPS, J. The defendants Greci, who demur to the substituted complaint, were owners of a building. The plaintiff was the employee of an independent contractor, engaged to install windows in the building. It is alleged that he was standing on an extension ladder, which was set up at an angle over a driveway adjacent to the premises, when another defendant, who was a tenant in the building, drove into the driveway, collided with the ladder and caused plaintiff to fall.

A demurrer to the original complaint by defendants Greci was sustained. The change made by the substituted complaint is in paragraph 8, where, in brief, it is now alleged that these defendants knew and the plaintiff did not know of the dangerous position the latter was in in performing his work, and that these defendants knew of the "hidden dangers" or perils to the plaintiff while working on the extension ladder and failed to warn him.

An owner of premises in general is not responsible to an independent contractor or his servant for defects or dangers of which the contractor knows or ought to know. But if the defect or danger is hidden and known to the owner, and is not known to the contractor or is not such that he ought to know of it, it is the duty of the owner to warn the contractor, and if he does not do so, he is liable for resultant injury. *Douglass* v. *Peck & Lines Co.,* 89 Conn. 622, 629; *Johnson* v. *Charles William Palomba Co.,* 114 Conn. 108, 110.

Under the facts here alleged, there was no such hidden defect or danger as that contemplated by these cases. Any danger from the fact that the ladder was set up at an angle over the driveway in such a position that it might be struck by one using the driveway, was as obvious to the plaintiff as to these defendants. In fact, the very danger of which plain-

tiff complains was created by him. The new allegations of the substituted complaint above referred to do not avail him, since the facts alleged do not support them.

Aside from the hidden danger theory, upon which the demurrer was argued, an owner may under certain circumstances be liable to an independent contractor who is in the position of invitee or business visitor. See *Reboni* v. *Case Bros., Inc.,* 137 Conn. 501. The facts alleged here, however, do not bring the situation within such cases as this.

The demurrer of the defendants Greci to the substituted complaint is sustained.