JOHN A. CHRISTIANO ET AL. v. CUNNINGHAM-LIMP COMPANY, INC., ET AL.*

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 116371
AT NEW HAVEN

Memorandum filed October 20, 1971

*Robert M. Owens,* of Bridgeport, for the named plaintiff.

*Paul A. Scholder,* of New Haven, for the intervening plaintiff Foskett and Bishop Company.

*Gillooly, Eastman & McGrail,* of New Haven, for the defendant Addressograph Multigraph Corporation.

*Barbiero, Staley & Moquet,* of New Haven, for the defendant Deko.

*Gormley & Gormley,* of New Haven, for the defendant Minitus.

WALL, J. The complaint alleges that the named plaintiff was an employee of Foskett and Bishop Company, a subcontractor, and the defendant Ad-

---

* Summary judgment in favor of the defendant Cunningham-Limp Company, Inc., was granted May 2, 1969.

dressograph Multigraph Corporation was the owner of premises under construction by Cunningham-Limp Company, the general contractor. One of the subcontractors in erecting cement floors left certain holes which were negligently covered with plywood and as a result thereof the named plaintiff was injured. The negligence alleged is that the defendants knew, or should have known by a reasonable inspection, of the unsafe and dangerous condition and (1) failed to post warnings or give notice of the dangerous condition, (2) failed to install adequate covers, and (3) failed adequately to secure the covers.

The defendant Addressograph Multigraph Corporation pleads the Workmen's Compensation Act and in its affidavit states it did not exercise control over the premises in question until about four months after the injuries and that the general contractor was in control at the time in question.

The general rule is that where the owner of premises employs an independent contractor to perform work upon them, the contractor and not the owner is liable for any losses resulting from negligence in the performance of the work until such time as it has been completed, turned over to and accepted by the owner. *Trainor* v. *Frank Mercede & Sons, Inc.*, 152 Conn. 364, 368. The rule is also applicable to a subcontractor and a contractor. *Nuzzo* v. *Connecticut Steel Co.*, 147 Conn. 398, 400. There are, however, exceptions as contained in *Douglass* v. *Peck & Lines Co.*, 89 Conn. 622, 629: "The owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty

of the owner to warn the contractor, and if he does not do this he is liable for resultant injury. The same rule applies to the servants of the contractor and to the subcontractor and his servants. Whether the owner remain in partial use of the premises or not, he is liable for injury caused to . . . [such] servants by his own negligence." This complaint covers this situation. *Reboni* v. *Case Bros., Inc.,* 137 Conn. 501, 507. As the affidavit does not cover this theory of liability, the motion is denied.