[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves to strike the second and third special defenses of the defendant's amended answer.
The plaintiff, Joyce Lannan, alleges in the complaint that she was an independent contractor performing services for the defendant, the Child Protection Council of Northeastern Connecticut, Inc., namely, supervising the visitation of Diego Vas with his daughter, Ayla Moylan. On November 2, 1992, during a visitation session, Vas shot and killed his daughter and shot and severely wounded the plaintiff. The plaintiff avers that the defendant was negligent in failing to warn her of Vas' history of violent behavior and proclivities, which background was known to the defendant, and in failing to provide adequate security measures to prevent the shooting of the plaintiff by Vas.
The defendant's amended answer contains a second special defense which alleges that the intentional or reckless shooting by Vas constituted a superseding cause of the plaintiff's injuries relieving the defendant of liability. The third special defense in the amended answer alleges that the plaintiff's status as an independent contractor bars recovery by her because of her own acts of negligence.
A motion to strike admits all well-pleaded facts, and the pleadings are construed most favorably toward the pleader.Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985).
 I
The plaintiff contends that the second special defense is legally insufficient because it lacks an allegation that Vas' supervening activity tell outside the scope of the risk created by the defendant's negligence. The plaintiff relies on the case of Stewart v. Federated Department Stores, Inc. 234 Conn. 597
(1995), to support this contention.
A careful reading of that case, however, undermines the plaintiff's position. Our Supreme Court stated that "theplaintiff must show by a fair preponderance of the evidence, that harm intentionally caused by a third person is within the scope of the risk created by the defendant's negligent conduct". Id., 608. (Emphasis added.) Thus, it is the plaintiff's burden to show Vas' conduct fell within the scope of risk created by the defendant rather than the defendant's burden to demonstrate the CT Page 10577 contrary.
Normally, the burden of pleading an essential fact rests upon the party who has the burden of proving that fact, Stephenson's Connecticut Civil Procedure, 3d ed., §§ 32 and 45. Because theStewart case, supra, places the burden of proving that Vas' intentional shooting of the plaintiff was within the scope of risk created by the defendant's alleged negligent behavior, the defendant has no obligation to plead to the contrary. The motion to strike is denied as to the second special defense.
 II
The plaintiff also claims that the third special defense is legally insufficient in that any contributory negligence by the plaintiff would only bar recovery if it exceeded fifty per cent of the total negligence involved in producing the plaintiff's injuries. The defendant, on the other hand, argues that the plaintiff's status as an independent contractor completely bars any recovery if the plaintiff was herself negligent. The court agrees with the plaintiff and rejects the defendant's proposition of law.
The cases cited by the defendant, Millstone Corp. v. LaurelOil Co., 131 Conn. 636 (1945); Douglass v. Peck Lires Co.89 Conn. 622 (1915); Minton v. Krish, 34 Conn. App. 362 (1994); and,Wright v. Coe Anderson, Inc., 156 Conn. 145 (1968), are inapposite to the present case. Those cases involved third
parties attempting to impute the negligence of an independent contractor to the party who hired that contractor. In the present case, the independent contractor is suing the defendant for the defendant's own negligence. Clearly, a contractor may sue the party who hired the contractor for injuries caused by that party's negligence. Reboni v. Case Bros. Inc., 137 Conn. 501, 507
(1951).
The plaintiff's negligence, if any, may constitute contributory negligence, but that contributory negligence is not necessarily a complete bar to recovery, as the defendant asserts, merely because the plaintiff was an independent contractor. The comparative negligence rules under G.S. § 52-527h(b) apply to this case as well as any other.
The plaintiff's motion to strike the third special defense is CT Page 10578 granted.
Sferraza, J.