[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT
Plaintiff Paul Inserra brings this action for damages as compensation for injuries to his shoulder which he sustained upon grabbing unto a portion of the roof to avoid falling off a ladder while working on a student construction project at the Silver City Gun Club (Silver City). At the time of his injuries the plaintiff attended Horace C. Wilcox Technical School (Wilcox). Silver City had accepted a proposal from Wilcox to build a six-foot by ten-foot bathroom addition to its existing building. The plaintiff and several other Wilcox students were building the addition when the accident occurred.
The defendants in this action are William Scarpeti, a teacher at Wilcox; Jamie Wielgosh, a student at Wilcox; Andrew Jakab, the director of Wilcox; Raymond Fortier, an alleged owner of the premises of Silver City; Silver City itself, also an alleged owner of the premises where the injuries occurred; State Commissioner of Education Vincent Ferrandino; and the State Board of Education. Defendants Raymond Fortier and Silver City have filed a Motion For Summary Judgment. In their Motion the defendants argue that there is no genuine issue of material fact about the fact that the plaintiffs injuries occurred when Jamie Wielgosh — a Wilcox student assisting the plaintiff — released her hold on a ladder on which he was standing. The defendants argue further that there is no dispute that the ladder then came out from under him and that he dislocated his shoulder when he grabbed the roof to avoid falling. Defendant Fortier has filed an affidavit attesting although he is the Treasurer of Silver City, he is not and never was the owner of the premises at issue, and that he exercised no control of the construction project. The plaintiff has filed an Objection to the Motion for CT Page 12250 Summary Judgment. In his objection the plaintiff argues that there is a genuine issue of material fact as to whether defendant Raymond Fortier owed a duty to him because of his ownership, possession or control of the premises, and a genuine issue of material fact as to whether defendant Silver City owed a duty in this case.
The court has reviewed the pleadings, excerpts of deposition testimony, affidavits, responses to discovery requests and other documents submitted by the parties relative to the motion and objection thereto. According to Connecticut Practice Book Section17-49,
 [summary] judgment sought shall be rendered forthwith If the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Id.
One of the documents submitted is the affidavit of William Scarpeti, the Wilcox teacher in charge of the building project. According to his affidavit the construction project ". . . was performed under [his] guidance and supervision." The affidavit provides further that "[n]either the Silver City Gun Club nor any of its members were asked to provide nor were they expected to provide any guidance and/or supervision to Wilcox Tech students at any time in the course of the construction project." William Scarpeti concludes his affidavit by stating that ". . . Paul Inserra . . . was a student at Wilcox Tech," and that ". . . he . . . was working at the . . . construction project . . . under my guidance and supervision when he sustained the injuries alleged in the above captioned action."
The following excerpts from plaintiff Paul Inserra's deposition testimony illuminates his perception as to how the accident occurred:
 We went to a job at Silver City Gun Club, and then we're applying vinyl siding, and Mrs. Scarpeti told me and Jamie — she showed us an area of the building where we had to work. So, we went over and Jamie and I set up the ladder, and I told her to hold the ladder so I wouldn't kill myself. I figured that if she held it I would be CT Page 12251 alright. And then while I was working she let go of the ladder. When that happened is when the ladder came out from under me and I dislocated my shoulder.
 Q. Do you recall if you looked at the ground before you set up the ladder?
A. Yes.
 Q. Okay. And was there anything about the area that made you think this was not a good place to put up a ladder?
A. I thought it would be all right if Jamie held it.
 Standard for determining Liability of Contractor
In deciding the motion for summary judgment and the objection thereto the court first must examine the rule applicable to determining under what general circumstances may property owners be liable for injuries to contractors and their servants. The Connecticut Supreme Court has spoken on numerous occasions in this area. In the case of Douglas v. Peck Lines, 89 Conn. 622, (1915) the Supreme Court noted the following legal principle:
 [t]he owner of premises is not responsible to an independent contractor for injuries from defects or dangers which the contractor knows of or ought to know of. But if the defect or danger is hidden and known to the owner and neither known to the contractor nor such as he ought to know, it is the duty of the owner to warn the contractor and if he does not do this he is liable fro resultant injury. The same rule applies to the servants of the contractor and to the subcontractor and his servants."
Id. at 629.
Although an owner is responsible for his own negligence, Douglas,supra, and exceptions exist, there is a . . . fundamental proposition that one who is in actual possession and control of the portion of premises where an injury occurs is chargeable . . ." therefor. Trainor v. Frank Mercede Sons, Inc,152 Conn. 364, 369 (1964).
 Findings relative to Motion for Summary Judgment and Objection
CT Page 12252
From the pleadings, affidavits, and other documents presented the court finds that there is no genuine issue of material fact as to whether Raymond Fortier was or is the owner of the premises of Silver City. Documentary evidence submitted establishes that he was not and is not the owner. The affidavits and documents presented also establishes that there is no genuine issue of material fact as to whether Silver City is responsible for the plaintiffs injuries. There is no evidence that the circumstances, conditions of the property and/or the construction contract imposed upon Silver City any duty to warn the plaintiff or otherwise supervise the project.[1] Moreover, the documentary evidence submitted supports application of the general rule that if anyone is chargeable for the plaintiffs injuries, it is neither Silver City nor Raymond Fortier.
For the foregoing reasons and upon the foregoing authorities, the defendants' Motion for Summary Judgment is granted, and the plaintiff's Objection thereto is overruled.
Clarance J. Jones, Judge