[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, George Veach, instituted this action against Waldbaum, Inc., Eton Centers Co., and Brause Realty Inc., to recover for injuries sustained when he fell in a parking lot at 35 Main Street, Danbury on March 12, 1996.
He claims that Waldbaum, Inc. leased, managed, maintained and controlled the premises, while the defendants, Eton Centers Co. and Brause Realty, Inc., were the owners of the property.
On May 5, 1998, the defendant, Waldbaum, Inc., filed an apportionment complaint against BMC Services, Inc.
The apportionment complaint alleges BMC Services, Inc., pursuant to a contract to "plow, remove and salt snow and ice from the parking lot," was negligent in its plowing and removal of snow from the lot, and by its failure to place sand or an abrasive material in the parking lot.
The apportionment defendant, BMC Services, Inc., moves to CT Page 10157 strike the apportionment complaint, claiming that it fails to state a claim upon which relief can be granted, as a matter of law.
BMC Services claims that the duty of care owed by a landowner, or one in control of the premises, cannot be delegated to an independent contractor. Herman Wood v. Chalet SusseInternational, Superior Court, judicial district of New Haven at Meriden, Docket No. 245558 May 18, 1995, Silbert, J.) (14 CONN. L. RPTR. 187).
A motion to strike tests the legal sufficiency of a pleading.Ferryman v. Groton, 212 Conn. 138, 142 (1989). It admits all well pleaded facts, and the court must construe facts alleged in a pleading in a manor most favorable to the nonmoving party. Rowev. Godou, 209 Conn. 273, 278 (1988); Amodio v. Cunningham,182 Conn. 80, 82 (1980)
If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Waters v. Autuori,236 Conn. 820, 825-26 (1996).
BMC Services, Inc. argues that it cannot be liable to the plaintiff in negligence, because one in control of property cannot delegate the duty it owes to those lawfully on his property to a third party.
It claims that because that duty is non delegable, no duty is owned by BMC Services, Inc. in its capacity as an independent contractor, to the plaintiff, George Veach.
Under the traditional "completed and accepted rule" an independent contractor was immune from liability in negligence to a third party, for a dangerous structure or condition after his work had been completed, and the owner of the property had accepted control. Bogoratt v. Pratt Whitney Aircraft Co.,114 Conn. 126, 141-42 (1932).
This rule has, however, been repudiated in Connecticut, and replaced by a rule of foreseeability. Coburn v. Lenox Homes,Inc., 173 Conn. 567, 575 (1977); R.A. Civitello Co. v. New Haven,6 Conn. App. 212, 224 (1986); Minton v. Krish, 34 Conn. App. 361,367-68 (1994).
In Minton v. Krish, supra, 367-68, the court held that an CT Page 10158 independent contractor is liable to anyone who may be foreseeably injured by the contractor's negligence. This duty arises independent of the ownership or continuing control of the property on which injury is sustained. Zapata v. Burns,207 Conn. 496, 517 (1988).
The test of foreseeability, is whether the ordinary person, in the defendant's position, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered, was likely to result. Coburn v. Lenox Homes. Inc.,supra, 575-76; Neal v. Shiels. Inc., 166 Conn. 3, 12-13 (1974).
Whether the apportionment defendant, based upon the allegations in the apportionment complaint, is liable, represents a factual determination. If the allegations in the apportionment complaint are proven, the apportionment defendant could reasonably be liable for any injuries sustained by the plaintiff, George Veach.
Because BMC Services, Inc. may be liable to the plaintiff in negligence, the apportionment complaint filed by the defendant, Waldbaum, Inc., may be maintained against BMC Services, Inc., pursuant to General Statutes 52-102b.
The motion to strike, filed by the apportionment defendant, BMC Services, Inc., is denied.
Radcliff, J.