ROBERT RABOIN *v.* NORTH AMERICAN
INDUSTRIES, INC., ET AL.
(AC 19021)

Spear, Hennessy and Mihalakos, Js.

Argued January 21—officially released May 2, 2000

*Ron Murphy*, with whom was *Michael G. Rigg*, for the appellant (plaintiff).

*Peter W. Hull*, with whom were *Heather Rhoades* and, on the brief, *William H. Narwold*, for the appellee (defendant General ·Signal Corporation).

*Opinion*

MIHALAKOS, J. The plaintiff, Robert Raboin, appeals from the summary judgment rendered in favor of the defendant General Signal Corporation (General Signal). On appeal, the plaintiff claims that the trial court improperly granted General Signal's motion for summary judgment because there are genuine issues of material fact in dispute. We agree and reverse the judgment of the trial court.

The following facts are relevant to our resolution of this appeal. The plaintiff alleges, in his complaint, that General Signal owned a foundry building in the Terryville section of Plymouth. In the summer of 1993, General Signal hired several independent contractors to perform various renovations on the foundry building. The plaintiff's business, Handling Resources, Inc., also was hired to work on the renovations to the foundry.

On August 24, 1993, the plaintiff suffered injuries as a result of an electric shock while working in General Signal's building. While attempting to leave the premises, the plaintiff walked around a portable lift that was owned by General Signal and was being used by employees of the named defendant, North American Industries, Inc. (North American). The plaintiff was shocked when he came in contact with the lift and a metal stair railing beside the lift. Prior to these events, Juan Mata, an employee of North American, received an electric shock when he came in contact with the lift and metal stair railing. As a result of Mata's minor shock, North American summoned employees of General Sig-

nal to investigate the cause of the shock. General Signal employees investigated and were not able to determine the source of the shock.

A subsequent investigation of the accident by General Signal revealed that a badly frayed extension cord, which was being used by a North American employee, had caused the lift and stair railing to become electrified. In 1995, the plaintiff filed a complaint against both North American and General Signal, alleging that his injuries were caused by the negligence of General Signal, its agents and employees. On July 13, 1998, after more than three years of discovery, General Signal moved for summary judgment. General Signal argued that it owed no duty to the plaintiff to protect him from the alleged negligence of the codefendant, North American. The trial court granted General Signal's motion for summary judgment on November 2, 1998.[1] The plaintiff claims that the court improperly granted General Signal's motion for summary judgment.

The dispositive issue for this court to decide in this appeal is whether there exists a genuine issue of material fact regarding General Signal's duty to the plaintiff and if a breach of this duty caused the plaintiff's injuries. We conclude that there is a genuine issue of material fact.

Our review of a trial court's rendering of summary judgment takes place within certain defined parameters. This court has held that "[o]n appeal . . . the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous. *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994)." (Internal quotation marks omitted.) *Crystal Lake Clean*

[1] The plaintiff's case against North American was still pending at the time of oral argument.

*Water Preservation Assn.* v. *Ellington,* 53 Conn. App. 142, 147, 728 A.2d 1145, cert. denied, 250 Conn. 920, 738 A.2d 654 (1999). It is appropriate to render summary judgment only where there is no genuine issue of material fact. "Summary judgment should be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In passing on the defendant's motion for summary judgment the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist." (Citation omitted; internal quotation marks omitted.) *Dougherty* v. *Graham,* 161 Conn. 248, 250, 287 A.2d 382 (1971).

"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." *Citicorp Mortgage, Inc.* v. *Porto,* 41 Conn. App. 598, 601, 677 A.2d 10 (1996). Simply, the granting of summary judgment is appropriate only "if a fair and reasonable person could conclude only one way." *Miller* v. *United Technologies Corp.,* 233 Conn. 732, 751, 660 A.2d 810 (1995). Summary judgment was improperly rendered in the present case because the question of duty involves elements of both fact and law.

The plaintiff claims that the trial court improperly granted summary judgment on the basis of the defendant's assertion that it did not owe the plaintiff a duty of care. We agree. General Signal incorrectly relies on *Douglass* v. *Peck & Lines Co.,* 89 Conn. 622, 95 A. 22 (1915). In *Douglass,* our Supreme Court held that a contractee or proprietor is not liable for injuries caused by an independent contractor to another person. Id., 627. *Douglass* does not, however, act as a general grant of immunity to employers. An employer owes a duty of care to business invitees such as independent con-

tractors. "Ordinarily, an employer of an independent contractor, absent an act of negligence on his own part, is not liable to others for the negligent acts of the contractor. [Id.] There are, however, several exceptions to the nonliability rule. For example, where the employer retains control of the premises or supervises the work of the contractor, or where the work to be performed by the contractor is inherently dangerous, or where the employer has a nondelegable duty to take safety precautions imposed by statute or regulation, the employer may be vicariously liable to others for the negligent acts of the independent contractor." *Ray* v. *Schneider*, 16 Conn. App. 660, 663–64, 548 A.2d 461, cert. denied, 209 Conn. 822, 551 A.2d 756 (1988). The first exception to the nonliability rule applies to the current situation because in inspecting the foundry, General Signal retained control of the premises.[2] The trial court improperly assumed that the inspection by General Signal was reasonable on the basis of the erroneous conclusion that General Signal did not owe the plaintiff a duty to provide a safe working environment. A genuine issue of material fact exists as to whether the inspection was reasonable given General Signal's assumption of control over the foundry area where the independent contractors were working.

General Signal was informed of the shock and accepted the obligation of inspecting the foundry. General Signal therefore assumed the duty to inspect with reasonable care to prevent an injury by electric shock. "[W]hether the owner remain[s] in partial use of the premises or not, he is [still responsible] for injury caused to the contractor or his servants by his own negligence." (Internal quotation marks omitted.) *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, 247

---

[2] The trial court acknowledged that General Signal maintained control of the foundry, but incorrectly assumed that the inspection was reasonable and that there was no duty owed by General Signal to the plaintiff.

Conn. 24, 41, 718 A.2d 425 (1998), rev'd on other grounds, 250 Conn. 14, 734 A.2d 85 (1999).[3]

"The defendant relies on a dictum in *Douglass* v. *Peck & Lines Co.*, [supra, 89 Conn. 629], reading as follows: The owner of premises is not responsible to an independent contractor for injury from defects or dangers which the contractor knows of, or ought to know of. But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury. The same rule applies to the servants of the contractor and to the subcontractor and his servants. This statement was not applicable to the facts of the case cited because the injury there complained of was not due to the condition of the property. It applies to a situation where the contractor has control of that portion of the premises where the accident occurs. It does not apply where the owner has retained or assumed control thereof. The complaint of the defendant is based on the refusal of the trial court to limit the duty of the defendant to one of warning of a hidden danger. In the case at bar, the owner was in possession and control, and the statement in the *Douglass* case does not apply." (Internal quotation marks omitted.) *Reboni* v. *Case Bros., Inc.*, 137 Conn. 501, 506–507, 78 A.2d 887 (1951).

General Signal could not absolve itself of its duty to its business invitees, including the various contractors

---

[3] The Supreme Court originally affirmed the judgment for the plaintiff holding that "[t]he jury in this case determined that the plaintiff's injuries were caused by the defendant's negligence in '[f]ailing to supervise its employees, servants, and agents and failing to instruct them to avoid activating the burner or boiler while [the plaintiff] was cleaning the boiler.' Therefore, regardless of whether the defendant was in control of the boiler room and its related mechanisms, its negligence caused the injury to the plaintiff." *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, supra, 247 Conn. 41–42. On reconsideration, the Supreme Court decided that the evidence was not sufficient to support the jury's determination.

that General Signal hired. As a matter of law, General Signal owed a duty to the plaintiff to keep the premises in a reasonably safe condition. Whether that duty was breached and whether there is a causal connection between the breach and the plaintiff's alleged injuries are questions of fact for a jury to resolve.[4] General Signal was not entitled to summary judgment.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[4] See *Tarzia* v. *Great Atlantic & Pacific Tea Co.*, 52 Conn. App. 136, 149, 727 A.2d 219, cert. granted on other grounds, 248 Conn. 920, 734 A.2d 569 (1999).