[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE APPORTIONMENT COMPLAINT #110
CT Page 11546
The plaintiff, Marilyn Figueroa, was an employee of Shamrock Building Services (Shamrock). The defendant, AML-Trap Falls, hired Shamrock to clean various offices and public areas of a building it owned known as Shelton Pointe. On July 31, 1997, the plaintiff was riding in an elevator in the building when it fell from the fifth floor to the basement. As a result of this incident, the plaintiff was injured. The plaintiff filed a complaint against the defendant alleging that she was injured as a result of the defendant's negligence. On January 11, 2000, the defendant served an apportionment complaint on Schindler Elevator, the independent contractor hired by the defendant to maintain the elevator. In the apportionment complaint the defendant alleges that Schindler Elevator was negligent in its care and maintenance of the elevator, and, as a result, is liable for its proportionate share of any damages that the trier of fact may assess as a result of this incident
Schindler Elevator has moved to strike the apportionment complaint on the ground that it is legally insufficient. Schindler Elevator filed a memorandum of law in support of its motion to strike. The defendant filed a memorandum in opposition thereto. Schindler Elevator filed a supplemental memorandum in support.
"[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . . [The court] must, therefore, take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-23, __ A.2d (2000).
Schindler Elevator argues that the defendant has a nondelegable duty to maintain its premises in a reasonably safe condition, and, therefore, the defendant cannot apportion its liability under General Statutes §52-102b. In response, the defendant argues that Schindler Elevator, as an independent contractor, owes a duty to third parties to perform its job in a reasonably safe manner. Therefore, the defendant argues, because Schindler Elevator could be directly liable to the plaintiff for its negligence, the defendant is allowed to seek apportionment of liability.
There is a split of authority in the Superior Court as to whether a defendant who is in possession of the premises may bring a complaint against an independent contractor for the purposes of apportionment under General Statutes § 52-102b. One line of cases holds that an owner of a premises may apportion in an independent contractor. See Gulisano v.National Amusements, Inc., Superior Court, judicial district of CT Page 11547 Ansonia/Milford Docket No. 065495 (July 29, 1999, Thompson, J.) (25 Conn.L.Rptr. 203); Dowd v. Jack, Superior Court, judicial district of Danbury, Docket No. 323612 (January 16, 1998, Leheny, J.); Uliano v. EastHill Woods, Inc., Superior Court, judicial district of Milford, Docket No. 061900 (November 9, 1998, Grogins, J.) (23 Conn.L.Rptr. 335);[1]
and Veach v. Walbaums Inc., Superior Court, judicial district of Danbury, Docket No. 331159 (September 16, 1998, Radcliffe, J.) (23 Conn. L. Rptr. 145).
On the other hand, other judges have ruled that because the owner in control of a premises has a nondelegable duty to keep the premise in a reasonably safe condition, and therefore cannot apportion liability to independent contractors. See Currier v. Fieldstone Village, Superior Court, judicial district of Tolland at Rockville, Docket No. 069258 (January 19, 2000, Sullivan, J.); Riggione v. KMart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander, J.) (26 Conn.L.Rptr. 260); Fullerton v.Wawa, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 406911 (December 15, 1998, Silbert, J.) (23 Conn.L.Rptr. 549);Lobovits v. Nemeth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 348992 (April 7, 1998, Stodolink, J.) (21 Conn.L.Rptr. 651; and Fuda v. Judd Square Associates, Superior Court, judicial district of Meriden at Meriden, Docket No. 251564 (August 18, 1997, Dipentima, J.) (20 Conn.L.Rptr. 285).
These latter cases take the more reasoned approach. This conclusion is based upon the principle that the possessor of property or property has a nondelegable duty to business invitees to maintain the property in a reasonably safe condition; see Tarzia v. Great Atlantic Pacific TeaCompany, 52 Conn. App. 136, 148-49, 727 A.2d 219 (1999), cert. denied,248 Conn. 920, 734 Conn. 569; and the distinction between comparative negligence and vicarious liability . . .
General Statutes § 52-102b (a) provides in pertinent part: "A defendant in a civil action to which § 52-572h applies may serve a writ, summons and complaint upon any person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages . . ." General Statutes § 52-572h (c) provides in pertinent part: "In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable [damages] . . . ." The purpose of this comparative negligence statute was to abrogate the doctrine of joint and several liability. See Donner v. Kearse, 234 Conn. 660, 666,662 A.2d 1269 (1995).[2] "Defendants who had been sued, however, were CT Page 11548 not left without a method to change the universe of negligence to be considered. The legislature included in Tort Reform II a provision that allowed defendants to implead persons who might have been negligent, but who had not been pursued by the plaintiff General Statutes § 52-102
now makes it mandatory for a trial court to grant a party's motion to add a person as a party if that person is necessary for a complete determination or settlement of any question involved therein . . . . This provision allowed those individuals named as defendants by the plaintiff to avoid having to pay damages for which they were not responsible." (Emphasis added; footnote omitted; internal quotation marks omitted.)Donner v. Kearse, supra, 234 Conn. 669.
In contrast, pursuant to the principles of vicarious liability, the Supreme Court has held that, for the purposes of General Statutes §52-572e, release of joint tortfeasors, "a principal and agent are not joint tortfeasors . . . ." Alvarez v. New Haven Register, 249 Conn. 709,722, 735 A.2d 306 (1999).[3] Therefore, a release of the principal absolves the agent. In addition, there is no right to contribution among a principal and agent because, in essence there is only one single act, with one true "tortfeasor." See id., 720-21.[4] The theory that allows a principal to be charged with the negligent acts of its agent is vicarious liability, which is "based on a relationship between the parties, irrespective of participation, either by act or omission, of the one vicariously liable, under which it has been determined as a matter of policy that one person should be liable for the act of the other." Id., 720. Therefore, by definition, the principal-agent relationship precludes the possibility of apportionment under General Statutes § 52-102b
because the principal is liable for the negligent acts of the agent.
In the present case, the principal-agent relationship is one of an employer and independent contractor. "Ordinarily, an employer of an independent contractor, absent an act of negligence on his own part, is not liable to others for the negligent acts of the contractor. . . . There are, however, several exceptions to the nonliability rule. For example where the employer retains control of the premises or . . . where the employer has a nondelegable duty . . . the employer may be vicariously liable to others for the negligent acts of the independent contractor." (Citations omitted; internal quotation marks omitted.)Raboin v. North American Industries, Inc., 57 Conn. App. 535, 539, (2000); See also, 2 Restatement (Second) Torts, § 409, Comment (b), pp. 370-71. "The rule stated in this section makes it impossible for a possessor of land to escape liability for the non-performance for his duty to maintain his land in a safe condition, so long as he is in possession of it, by delegating the task of doing the work necessary to the performance of that duty to an independent contractor." (Internal quotation marks omitted.) Riggione v. KMartCT Page 11549Corp., supra, 26 Conn.L.Rptr. 262.
The defendant in the present case has a nondelegable duty to maintain its premises in a reasonably safe manner, which includes proper maintenance of the elevators. The defendant, as a possessor of land with a nondelegable duty, and as a principal for an allegedly negligent agent, would be both primarily liable for its failure to maintain the premises in a reasonably safe condition and vicariously liable for its agent's negligence in performing the acts which the defendant had a duty to perform. Therefore, because the defendant would be responsible for any damages assessed against the independent contractor through vicarious liability, General Statutes § 52-102b does not apply, and the defendant cannot seek apportionment from the independent contractor.
Based on the foregoing, the court grants Schindler Elevator's motion to strike the apportionment complaint.
JOHN W. MORAN, JUDGE