[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
 Issue
Whether the allegations contained in the plaintiffs' complaint are time barred by the applicable statute of limitations, as set forth in General Statutes § 52-584.
Because there is a genuine issue of material fact as to the date that Larry Heldreth discovered or in the exercise of reasonable care should have discovered that he sustained some form of actionable harm, the defendants' motions for summary judgment is denied.
 Facts
The plaintiffs, Larry Heldreth and Barbara Heldreth, bring this action for damages against the defendants, Lawrence Memorial Hospital, Edward Edgar, Bart Calobrisi, Steven Carlow and Anesthesia Associates of New London, to recover for personal injuries sustained by Larry Heldreth following elective surgery on his shoulder on June 17, 1994. The plaintiffs allege in their amended complaint, filed on October 28, 1997, that the injuries sustained by Larry Heldreth following elective surgery were caused in whole or in part by the negligence of each one of the defendants. The plaintiffs further allege that the defendants performed elective surgery on Larry Heldreth without his informed consent.
On March 16, April 6 and April 13, 2000, the defendants filed motions for summary judgment on the ground that there is no genuine issue of material fact because the plaintiffs' claims are barred by the statute of limitations, as set forth in § 52-584. A supporting memorandum of law CT Page 11817 accompanied each of the motions for summary judgment.
On May 8, 2000, the plaintiffs filed a motion in opposition to the defendants' motions for summary judgment on the ground that summary judgment is inappropriate because according to affidavits submitted by the plaintiffs in opposition to the motion for summary judgment, Larry Heldreth first learned of possible negligence on the part of the defendants after August 1995, and commenced the present action on January 27, 1997, within the two year statute of limitations period.
 Discussion
"Summary judgment may be granted where the claim is barred by the statute of limitations." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burnsv. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). "It is appropriate to render summary judgment only where there is no genuine issue of material fact." Raboin v. North American Industries, Inc.,57 Conn. App. 535, 538, ___ A.2d ___ (2000). "Summary judgment should be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Raboin v. North American Industries, Inc.,
supra, 57 Conn. App. 538; see also Practice Book § 17-49. "[T]he granting of summary judgment is appropriate [therefore] only `if a fair and reasonable person could conclude only one way.'" Id.
The present medical malpractice action is governed by the applicable statute of limitations, § 52-584, which provides in relevant part: "No action to recover damages for injury to the person . . . caused by . . . malpractice of a physician, surgeon . . . [or] hospital . . . shall be brought but within two years from the date when the injury is firstsustained or discovered or in the exercise of reasonable care should havebeen discovered . . . ." (Emphasis added.) General Statues § 52-584. "[The Connecticut Supreme Court] has construed the word `injury' in General Statutes § 52-584 . . . to refer to some form of actionable harm. . . . `Actionable harm occurs when the plaintiff discovers, or in the exercise of reasonable care should have discovered, the essential elements of a cause of action.'" (Citation omitted; internal quotation marks omitted.) Merly v. State, 211 Conn. 199, 205-06, 558 A.2d 977
(1989). "The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof." Merly v.State, supra, 211 Conn. 206. "The focus is [therefore] on the plaintiff's knowledge of facts, rather than on discovery of applicable legal CT Page 11818 theories." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 47, 513 A.2d 98 (1986).
In the present case, a genuine issue of material fact exists as to which date Larry Heldreth discovered or in the exercise of reasonable care should have discovered that he sustained some form of actionable harm, which started the running of the statute of limitations. The defendants argue that by June 27, 1994, Larry Heldreth had learned of his injury or his actionable harm, but failed to serve the writ, summons and complaint on the defendants until January 27, 1997, some three years later. The plaintiffs, on the other hand, argue that it was not until some time in September 1995, after Larry Heldreth had been examined by a physician in connection with a workers' compensation claim, that he learned that there might be a basis for a medical malpractice action as a result of injuries he sustained while under the care of the defendants. In support of his argument, Larry Heldreth has submitted an affidavit in opposition stating that it was not until "[s]ometime in 1996, [he] learned that there was a basis for proceeding with an action against [the] defendants."
In light of the holding of Merly v. State, supra, 211 Conn. 205-06, andCatz v. Rubenstein, supra, 201 Conn. 43, and after reviewing the pleadings and deposition testimony set forth in the materials submitted in support of and in opposition to summary judgment, the court finds that there exists a genuine issue of material fact as to the date that Larry Heldreth discovered or in the exercise of reasonable care should have discovered that he sustained some form of actionable harm. Accordingly, the resolution of the question is one for the trier of fact and not for the trial court. See Catz v. Rubenstein, supra, 201 Conn. 49. Therefore the defendants' motions for summary judgment (#176 and #181) is denied.
D. Michael Hurley