[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Randall Dominick and Diane McKechie-Dominick filed the underlying action against their neighbors, Tomasz and Halina Szeligowski to recover damages for an oil leak which contaminated their property. The leak originated from an underground oil tank on the Szeligowski's property. The Szeligowskis, as third party plaintiffs (plaintiffs), filed a cross-complaint against the third party defendant, Dominick Fuel[1]
(defendant), sounding in negligence.[2] The plaintiffs allege that the defendant continued to deliver oil and fill the tank when it knew or should have known of the possible leak; did not advise the plaintiffs of the possible existence of a leak based upon the age of the tank; did not advise the plaintiffs of the availability of insurance or offer insurance to the "plaintiffs; failed to implement reasonable measures to prevent the release and/or discharge of oil when it knew or should have known of a possible leak; failed to take reasonable measures to investigate possible leaks in the tank; failed to inspect the tank to ensure that it was not leaking; failed to warn the plaintiffs of the possible leak; and failed to properly deliver and/or fill the underground storage tank. The defendant moved for summary judgment on the ground that there is no genuine issue of material fact in dispute as to the defendant's liability in negligence for the alleged injuries of the plaintiffs.
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385, 752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education,254 Conn. 205, 209, 757 A.2d 1059 (2000).
The defendant argues that there is no evidence to support a finding that the defendant owes a duty to the plaintiff based on the allegations CT Page 6230 as set forth by the plaintiffs and therefore, summary judgment must be granted. The defendant contends that there was no written contract between the parties. Furthermore, the defendant argues that it only provided and delivered fuel to the plaintiffs as evidenced by an application to extend credit, a new customer form, and a print out of fuel deliveries. The plaintiffs respond that the defendant is in the business of providing and delivering fuel and therefore, is in the best position to warn the plaintiffs of the perils of an underground storage tank. Consequently, the plaintiffs argue that the defendant breached its duty to them because the defendant did not advise the plaintiffs of the perils of an underground storage tank.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Amendola v. Geremia,21 Conn. App. 35, 37, 571 A.2d 131, cert. denied, 215 Conn. 803,574 A.2d 218 (1990). Although summary judgment may be appropriate to determine whether a defendant owes a duty of care when the question is one of law; see Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997); when the question of duty includes elements of both fact and law summary judgment is inappropriate. See Raboin v. North American Industries, Inc.,57 Conn. App. 535, 538, 749 A.2d 89, cert. denied, 254 Conn. 910,759 A.2d 505 (2000).
"A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) Burns v. Board of Education,228 Conn. 640, 646, 638 A.2d 1
(1994). Thus, the absence of a written contract between parties is not dispositive of whether a defendant owes a duty of care to a plaintiff. Rather, "the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Internal quotation marks omitted.) Gazo v. City of Stamford,255 Conn. 245, 250-51, 765 A.2d 505 (2001). CT Page 6231
The court will address the public policy prong of the standard first. The court finds that a question of fact remains as to the nature and extent of the defendant's responsibility to the plaintiffs under its agreement to supply and deliver fuel to the plaintiffs and whether that responsibility extended to the particular consequences of a leaky underground storage tank. Moreover, contrary to the defendant's assertions, the defendant's exhibits and affidavit in no way shed light on whether its responsibilities were limited to the supplying and delivering of oil. The court finds, therefore, that there is a genuine issue of material fact in dispute as to whether the defendant's responsibility should extend to these particular circumstances. Furthermore, the defendant has not offered any evidence to show what standard of care is customary in the industry regarding the type of services the defendant provides to the plaintiffs. Thus, this court also finds that there is a genuine issue of material fact in dispute as to the foreseeability prong of the standard. Consequently, the defendant has not met its burden of showing the absence of any genuine issue of material fact in dispute. See Appleton v. Board of Education, supra,254 Conn. 205. Accordingly, the defendant's motion for summary judgment is denied.
 _____________________________ D'ANDREA, JUDGE TRIAL REFEREE