[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON NA-MOW INC.'S MOTION FOR SUMMARY JUDGMENT (#128)
Before the court is the defendant Na-Mor, Inc.'s motion for summary judgment on the grounds that the defendant landlord was not in control of the stairway on which the plaintiff tenant fell and that the defendant landlord had no knowledge of any alleged defect in the stairway.
 I BACKGROUND
On February 14, 2000, the plaintiff, Darcy Battista, filed an amended complaint alleging negligence against the defendant, Na-Mor, Inc.[1] At all relevant times, the defendant was the owner of the property at 38 Garden Lane, Harwinton, Connecticut; (see Amended Complaint, count one, ¶ 1); and the plaintiff resided in apartment D at that location (the leased premises). (See Amended Complaint, count one, ¶ 2.) The plaintiff alleges the defendant "owned, operated, managed, maintained, possessed and/or controlled a staircase and handrail within the above mentioned premises. . . ." (Amended Complaint, count one, ¶ 3.) The plaintiff alleges she fell on December 1, 1997, as a result of a defective handrail; (see Amended Complaint, count one, ¶ 14); the handrail and staircase were not lighted adequately; (see Amended Complaint, count one, ¶ 5); and sustained various injuries and damages. (See Amended Complaint, count one, ¶¶ 6-8.)
The defendant filed a motion for summary judgment on May 5, 2000, along with a supporting memorandum of law, an affidavit of Robert Dziurgot (its president), the plaintiffs reply to the defendants' requests for admissions (the plaintiffs admissions) and portions of a deposition of Ryan Janson. The plaintiff timely filed an objection to the motion along with a supporting memorandum of law and the plaintiffs admissions. The plaintiff filed a second memorandum of law in opposition to the motion on March 12, 2001, along with a copy of the original complaint and portions of a deposition of Robert Dziurgot. Oral argument was heard at short calendar on March 12, 2001. For the reasons stated below, the court CT Page 8065 grants the defendant's motion.
 II STANDARD OF REVIEW
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwood v. Danbury Hospital, 252 Conn. 193, 201,746 A.2d 730 (2000).
While "the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998). Summary judgment procedure would be defeated as a whole if the mere assertion that a material factual dispute existed could force a case to trial. See Great County Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Amendola v. Geremia, 21 Conn. App. 35,37, 571 A.2d 131, cert. denied 215 Conn. 803, 574 A.2d 218 (1990). Although summary judgment may be appropriate to determine whether a defendant owes a duty of care when the question is one of law; see Pionv. Southern New England Telephone, 44 Conn. App. 657, 660, 691 A.2d 1107
(1997); when the question of duty includes elements of both fact and law CT Page 8066 summary judgment is inappropriate. See Raboin v. North AmericanIndustries, Inc., 57 Conn. App. 535, 538, 749 A.2d 89, cert. denied,254 Conn. 910, 759 A.2d 505 (2000).
 III DISCUSSION
The defendant argues that there is no question of material fact that the defendant did not have control of the stairway at the time of the plaintiffs fall and that the defendant had no knowledge of an alleged defect in the stairway, handrail or lighting. The plaintiff argues that there are questions of material fact as to whether the claimed defective handrail existed prior to the plaintiffs tenancy, whether the defect was reasonably discoverable by the plaintiff and whether the defendant knew or should have known of the alleged defect.[2]
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). "Negligence occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." Dean v. Hershowitz, 119 Conn. 398,407-08, 177 A. 262 (1935). "Where there is no duty, there can be no negligence." Hassett v. Palmer, 126 Conn. 468, 473, 12 A.2d 646 (1940).
"[U]nder the common law, landlords have a duty to use reasonable care to maintain in a reasonably safe condition those areas of their premises over which they exercise control." Gore v. People's Savings Bank,235 Conn. 360, 373, 665 A.2d 1341 (1995). Generally, a tenant "takes the premises as he finds them and bears the risk of any defective conditions which are within the area under [the tenant's] exclusive possession and control." (Internal quotation marks omitted.) Id., 374. "Thus, as a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant." (Internal quotation marks omitted.) Id.
"This rule, however, does not apply to defects which are the result of faulty design or disrepair and which existed at the beginning of the tenancy, were not discoverable by the tenant on reasonable inspection, and were known, either actually or constructively, to the landlord." (Internal quotation marks omitted.) Id., 374. Nor does the rule apply "where the landlord retains control of a portion of the demised premises. In such a case the landlord must use reasonable care to keep CT Page 8067 that portion of the premises in a reasonably safe condition." (Internal quotation marks omitted.) Mack v. Lavalley, 55 Conn. App. 150, 162,738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999).
The defendant argues that it did not have control of the stairway, handrail or lights at the time of the plaintiffs fall. To support its argument, the defendant submitted the affidavit of Robert Dziurgot. president of the defendant corporation. (See Affidavit of Robert Dziurgot, dated April 12, 2000, ¶¶ 8-12.) The defendant also submitted the plaintiffs admissions in which the plaintiff admitted that the stairway and lights were located entirely within the leased premises and that neither were shared with any other apartments. (See Plaintiffs Reply to Defendants' Requests for Admission, dated April 13, 2000 [Plaintiffs Admissions], ¶¶ 1, 2, 14, 15.) Although the plaintiff alleges in her complaint that the defendant "possessed and/or controlled [the] staircase and handrail" within the premises; (Amended Complaint, ¶ 3); she has not submitted any evidence to support her allegation. "[T]he opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, supra,229 Conn. 217. Accordingly, the court finds there is no question of material fact as to control of the leased premises.
The plaintiff contends, however, that the present case fits within the exception outlined in Gore v. People's Savings Bank, supra, 235 Conn. 360. She argues there is a question of material fact as to whether the defect was actually or constructively known to the landlord.[3] "To prove constructive knowledge . . . the plaintiff must prove a level of knowledge equivalent to actual knowledge." Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 563, 707 A.2d 15 (1998) (discussing "constructive knowledge" in the context of a defense of trespass).
The defendant submitted Dziurgot's affidavit to support its argument that it did not know of the claimed defect. Dziurgot avers that the defendant was unaware of the alleged defect (see Dziurgot Affidavit, ¶ 16); was not notified of the alleged defect by the plaintiff; (see Dziurgot Affidavit, ¶¶ 13, 20); and was not notified of such defect by a prior tenant or by anyone else. (See Dziurgot Affidavit, ¶¶ 14, 15, 21.) The defendant also submitted the plaintiffs admissions, which admit that the plaintiff did not notify the defendant of any alleged defects prior to her fall; (see Plaintiffs Admissions, ¶¶ 8, 9, 12, 13); and that the defendant did not perform any work on the handrail during the plaintiffs tenancy. (See Plaintiffs Admissions, ¶ 10.) Finally, the defendant submitted portions of the deposition of Ryan Janson, the plaintiffs co-tenant, stating that there was no warning that the handrail was defective.[4] (See Deposition of Ryan Janson, dated March 22, 2000, pp. 21-22.) CT Page 8068
To demonstrate a question of fact as to the defendant's knowledge of the alleged defect, the plaintiff submitted her admissions, the original complaint and portions of a deposition of Robert Dziurgot. The plaintiffs admissions do not contain any evidence that the defendant had knowledge of the alleged defect. To the contrary, as stated above, the admissions support the defendant's contention that the plaintiff never notified the defendant of any defect. Neither the original complaint, nor the amended complaint that replaced it, contains allegations that the defendant knew of the alleged defect. Furthermore, such an allegation without substantiating evidence is insufficient to create a question of material fact. See Haesche v. Kissner, supra, 229 Conn. 217. Finally, the deposition excerpts submitted by the plaintiff merely state that Dziurgot is an officer of several businesses that specialize in financial consulting; (see Deposition of Robert Dziurgot, pp. 8-10); that he holds a degree in electrical engineering and a law degree; (see Deposition of Robert Dziurgot, p. 10); and that the companies with which he is associated, except for the defendant, hire agents to manage their investment property. (See Deposition of Robert Dziurgot, pp. 43-45.)
The plaintiff maintains that "[w]ith [his] qualifications and expertise, at the very least he should have known that the brackets in question did not meet the requirements of the state building code." (Plaintiffs Brief, dated March 7, 2001, p. 7.) The plaintiff presented no evidence to contradict the defendant's evidence of lack of constructive notice. The deposition testimony reflects that Dziurgot received a degree in electrical engineering in 1959 and that he never went into that field. (See Deposition of Robert Dziurgot, p. 10.) The plaintiffs argument that the defendant should be charged with constructive knowledge based solely on Dziurgot's education and expertise is speculative at best. The defect resulted in the breaking of a metal bracket securing the handrail to the wall. (See Plaintiffs Admissions, ¶ 5.) The plaintiff did not present any evidence that the defect was reasonably discoverable by the defendant upon visual inspection. Nor did the plaintiff present evidence that the defendant had reason or opportunity to inspect the bracket, that the defendant installed or repaired the bracket, or that the defendant had notice of an actual or potential defect in the bracket. Viewing the evidence submitted in the light most favorable to the plaintiff, the court finds that the plaintiff did not present any evidence which contradicts the evidence submitted by the defendant.
The court finds that there are no questions of material fact. The evidence demonstrates that the stairway, handrail and lighting were not in the defendant's control and that the defendant had no notice of the alleged defect. Thus, the issue of whether the defendant had a duty to CT Page 8069 the plaintiff is appropriate for summary judgment. See Pion v. SouthernNew England Telephone, supra, 44 Conn. App. 660. Because the court finds that the stairway, handrail and lighting were not in the control of the defendant, the defendant is only liable if the defect was the result of faulty design or disrepair, if the defect existed prior to the plaintiffs tenancy, if the defect was not reasonably discoverable by the plaintiff, and if the defect was actually or constructively known to the defendant. See Gore v. People's Savings Bank, supra, 235 Conn. 374. The evidence submitted demonstrates the defendant did not have actual or constructive knowledge of the alleged defect. The plaintiff presented no evidence that creates a question as to that fact.
Accordingly, the defendant's motion for summary judgment is granted as to count one.
 IV CONCLUSION
The plaintiff did not present any evidence that would support a finding of a question of material fact as to control of the leased premises or the defendant's knowledge of the alleged defect. The defendant is entitled to judgment as a matter of law on count one of the Amended Complaint. The defendant's motion for summary judgment is hereby granted. It is so ordered.
BY THE COURT
 ___________________________ ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT