[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15941-cl
The plaintiff has brought suit pursuant to C.G.S. § 52-572m
claiming that he sustained injuries as a result of an allegedly defective forklift sold to Remington Products by Tri-Lift, Inc. Tri-Lift has moved for summary judgment claiming that the plaintiff's claim is barred by the ten year statute of repose applicable to product liability actions.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202 (1995). The court's function in ruling on such a motion is to determine whether there exists any genuine issue as to any material fact and not to try factual issues. Raboin v. North AmericanIndustries, Inc., 57 Conn. App. 535 (2000).
C.G.S. § 52-577a states:
 (a) No product liability claim as defined in section 52-572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered except that, subject to subsections (c), (d) and (e), no such action may be brought against any party nor may any party be impleaded pursuant to subsection (b) later than ten years from the date that the party last parted with possession or control of the product.
The plaintiff filed the complaint in this action on December 17, 1998. There is no dispute that the forklift was shipped to Tri-Lift on April 19, 1988, more than ten years prior to the commencement of this action. The plaintiff asserts that Tri-Lift maintained possession or control of the forklift because it serviced the forklift during the time period of April 1988 to December 1998. Whether the defendant's contacts with the product constituted possession or control sufficient to impose liability under § 52-577 is a question of fact not appropriate for summary determination. The motion for summary judgment is denied.
Bishop, J. CT Page 15941-cm