[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#147)
While the misnomer statute (§ 52-593) might be sufficient to preserve a cause of action against the owner of the property, the statute would not be applicable to other parties who might be exposed to liability. The statute of limitations (§ 52-584) would have barred all claims against all parties other than the owner prior to the time that attorney Ficarra began his representation of the plaintiff. Thus, the alleged actions of the defendant could not have been the cause of injury to the plaintiff as to parties other than the owner.
The first action against Ultramar, who was incorrectly asserted to be the owner of the property, alleged negligence on the part of Ultramar itself (see paragraph 5). That action did not specifically seek to impose liability upon the alleged owner for acts of an independent contractor. The parties agree that ordinarily a employee of an independent contractor is not necessarily liable for the acts of the independent contractor although there are exception to that rule. See Roboin v. North AmericanIndustries, 57 Conn. App. 535, 539 (2002).
The factual record before the court is not sufficient for the court to determine as a matter of law that there was no personal negligence attributable to the owner of the property. If the plaintiff is not able to demonstrate that the owner of the property breached a legal duty to the plaintiff, then the alleged acts of the defendant Ficarra would not be a cause of injury to the plaintiff and summary judgment would be warranted. However, the court cannot make that determination on the basis of the present state of the file.
Accordingly, the motion for summary judgment is denied.
 ___________________ RUSH, J.
CT Page 15387