[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case raises the issue of whether a defendant owner of premises, sued as a result of claimed defective premises, may successfully invite to the dance, by means of an apportionment complaint, real estate agents who allegedly caused the defect. In the narrow circumstances of this case, I hold that he cannot.
The plaintiff's complaint is quite straightforward. In a single count, the plaintiff alleges that she is a real estate agent who was on the subject premises for business purposes when she fell on the sidewalk because of an allegedly dangerous condition, a wet and slippery carpet. Her complaint claims that the premises were "owned, controlled, operated and/or maintained" by the defendant Eisenberg, and that the premises were defective because of negligence on the part of Eisenberg in failing to keep the premises reasonably safe, failing to inspect, failing to warn and so forth. Finally, the plaintiff claims damages as a result.
The defendant Eisenberg filed an answer and defenses, the plaintiff denied the special defenses and certified that the pleadings were closed and the case was claimed to the jury list. The defendant then filed an apportionment complaint as to three defendants: the listing agency, the group with whom the agency was affiliated, and the individual listing agent. There are six counts, two as to each defendant. The odd-numbered counts allege simply that the plaintiff Lane has made various allegations as to Eisenberg, that the property was listed with and by each defendant, and that each defendant was negligent by failing to keep premises reasonably safe, failing to warn, failing to inspect and so forth. As relief, an apportionment of damages is sought pursuant to § 52-572h of the General Statutes. The even-numbered counts are virtually identical, with the additional allegation that each apportionment defendant "controlled, operated and/or maintained" the premises.
The apportionment defendants and the plaintiff have moved to strike the CT Page 1519 apportionment complaint. As to the odd-numbered counts, the basis of the motion is that no duty is stated. As to the even-numbered counts, the defendants argue essentially that because an owner has a nondelegable duty to keep premises safe, the real estate defendants may not be brought into the case on an apportionment basis.
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action . . . In ruling on a motion to strike, the court must accept as true the facts alleged in the [pleading] and construe them in the manner most favorable to sustaining their legal sufficiency." (Citations omitted; internal quotation marks omitted.) Barasso v. Rear Still HillRoad, LLC, 64 Conn. App. 9, 13, 779 A.2d 198 (2001). In ruling on a motion to strike, the court must "construe the facts alleged in the complaint in a light most favorable to the pleader. If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged . . . Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the . . . pleadings, the [movant] must await the evidence which may be adduced at trial, and the motion should be denied." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990).
Perhaps it is best to begin by stressing what is not in issue. First, whether the plaintiff Lane could maintain an action against the real estate defendants directly is not in issue, because that commutation is not presented by the pleadings. Nor is the question of indemnification at stake: whether an apportionment complaint can be maintained is an entirely different question from whether an indemnification action is feasible. Finally, the defendant Eisenberg's liability is not involved in the question presented. Simply stated, the question is whether an apportionment complaint may be maintained by an owner of premises who has been sued for an alleged failure to maintain safe premises against others allegedly creating or contributing to the defect.
The issue has been the subject of considerable litigation. Both sides have cited case law decided by various Superior Courts, as well as Gazov. City of Stamford, 255 Conn. 245 (2001). I have read the authority presented as well as various references in the Restatement of Torts 2d, CT Page 1520 §§ 328E-429. Reference to the applicable statutory scheme, in particular § 52-572h and § 52-102b, is also indispensable. Based on a synthesis of the above authorities, the following propositions may be stated with some assurance.
First, the apportionment complaint is a statutorily defined vehicle. Section 52-102b (a) states that a "defendant in any action to which section 52-572h applies may serve a . . . complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability . . ." Section 52-572h
(c), in turn, provides that in negligence actions, if damages were proximately caused by more than one party, each party shall be liable only for that party's proportionate share of damages.
Because, however, the duty of the possessor of land has been deemed not to be delegable, the rubric has developed that despite the general principle of proportionate liability, the possessor of land is at least vicariously liable for the negligence of another. See, e.g., Gazo,supra.[1] The possessor generally may not bring an apportionment action, then, because in that situation the liability may not legally be apportioned. Having read the authority presented and more, I concur with the principles stated by Judge Alander in Riggione v. Kmart Corporation,26 Conn.L.Rptr. 260, 2000 WL 72017 (2000). They are a) the owner has a non-delegable duty to keep the premises reasonably safe; b) this means that the owner is vicariously liable for acts of independent contractors; and c) because of vicarious liability, there is no negligence which can be apportioned. These principles are stated in somewhat different language in Gazo, supra.
The apportionment plaintiff has attempted to distinguish the present situation from the more common scenario involving, for example, plowing contractors. Eisenberg has not, in this instance, attempted to contract out liability for the faulty performance of a non-delegable duty. Rather, Eisenberg has apparently contracted with the putative apportionment defendants for a service, to wit, selling the premises, which has nothing to do in itself with the safety of the premises. In the course of this activity, it is alleged, the putative defendants failed to exercise a reasonable degree of care.
This seems to me to be a distinction without a difference. So long as the possessor has not legally ceded control of the premises; cf. Wrightv. Coe Anderson, 156 Conn. 145 (1968); compare Raboin v. NorthAmerican Industries, 57 Conn. App. 535, 539 (2000); the non-delegable duty doctrine would bar apportionment because of the possessor's CT Page 1521 vicarious liability. A possessor, incidentally, does not lose such status because of temporary absence. See Restatement of Torts (2d Ed.), § 328E. If the possessor has ceded control, then presumably he would no longer be the possessor and there would be no liability on his part to apportion. And, of course, the inability to apportion has no necessary negative effect on the ability to seek indemnification. See, e.g., Kaplanv. Merberg Wrecking Corp., 152 Conn. 405 (1965).
The apportionment defendant cited several cases from other jurisdictions in which real estate agents were found to be liable to injured parties. I do not doubt that there can be circumstances in which a real estate agent is liable, but the fact that a real estate agent may be liable to a plaintiff for unsafe premises has little to do with the issue of whether the possessor of the premises may cite in for apportionment purposes the agent. See Gazo, supra. Similarly, the case ofFracassini v. O'Connor Real Estate, 2000 Ct. Sup. 7311 (Gormley, J.) (2000), cited by the apportionment defendants for the proposition that there is no liability on the part of the real estate agents, is factually driven and not germane to the narrow issue at hand in any event.
The apportionment plaintiff also suggests that the plaintiff may not move to strike the apportionment complaint because she previously filed a certificate of closed pleadings and thus waived the ability to file a motion to strike. Because the apportionment complaint was filed after the pleadings were otherwise closed, this position is not tenable.
The motion to strike is granted in its entirety.[2]
Beach, J.